UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT J. FEENEY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, Richland Correctional Institution,<br><br>    Respondent. | CASE NO. 5:12 CV 1035<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

    On April 26, 2012, Petitioner *pro se* Robert J. Feeney filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Petitioner challenges his convictions, pursuant to a no contest plea, for pandering sexually oriented matter involving a minor, illegally manufacturing or possessing explosives, aggravated possession of drugs, illegal cultivation of marijuana, and illegal use of a minor in nudity oriented material. He received an aggregate sentence of five years in prison. As grounds for the petition, Feeney asserts his right to due process and Fourth Amendment right to be free from an unlawful search were violated, and that the trial court therefore erred in not suppressing evidence resulting from the search.

    A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

    The Supreme Court has held that "where the State has provided an opportunity for full and

fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 ((1976). It is evident on the face of the Petition that Feeney had the chance to raise the search and suppression issues in the trial court prior to his plea, and there is no suggestion he was prevented from fully and fairly litigating them at that time or on direct appeal. *See, State v. Feeney*, 2011 WL 5067227 (Ohio App. 9 Dist. Oct. 26, 2011).

Accordingly, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: August 14, 2012